U.S. District Court
Southern District of Florida (Miami)

RECREATIONAL DESIGN &           CASE NO. 1:10-CV-21549-ASG
CONSTRUCTION, INC., a Florida corporation,

      Plaintiff,

vs.

WISS, JANNEY, ELSTNER AND
ASSOCIATES, INC., a Foreign corporation,
JOHN F. DUNTEMANN, individually, and
B.D. AGARWAL & ASSOCIATES, LTD., a
Foreign limited liability corporation, and DR.
BHAGWAN D. AGARWAL, individually,

      Defendants.
_____/

## RESPONSE TO DEFENDANTS', WISS, JANNEY, ELSTNER AND ASSOCIATES, INC. and JOHN F. DUNTEMANN, MOTION TO DISMISS

Plaintiff, RECREATIONAL DESIGN & CONSTRUCTION, INC. ("RDC"), by and through undersigned counsel, hereby files its Response to Defendants', WISS, JANNEY, ELSTNER AND ASSOCIATES, INC. ("WJE") and JOHN F. DUNTEMANN ("Duntemann") (collectively, "Defendants"), Motion to Dismiss and Incorporated Memorandum of Law ("Motion to Dismiss"), and as grounds therefore states as follows:

**I.    STATEMENT OF CASE**

    1.    On or about March 31, 2010, Plaintiff RDC filed the underlying Complaint in the Circuit Court of the 17th Judicial Circuit in and for Miami-Dade County, Florida, alleging professional malpractice and information negligently supplied for the guidance of others against Defendants, including co-defendants, B.D. AGARWAL & ASSOCIATES, LTD and BHAGWAN D. AGARWAL.

    2.    On May 13, 2010, Defendants removed the matter to the United States District Court, Southern District of Florida.

    3.    On or about June 4, 2010, Defendants served RDC, through undersigned counsel, its Motion to Dismiss alleging that RDC has failed to state a claim for professional malpractice and negligent misrepresentation.

II.     **INTRODUCTION**

In summary, Defendants' Motion to Dismiss is misplaced. Despite Defendants' twenty (20) page Motion to Dismiss, Plaintiff has appropriately set forth causes of action for: (1) professional malpractice and (2) negligent misrepresentation (*i.e.*, information negligently supplied for the guidance of others). Defendants argue that Plaintiff's failed to state a cause of action upon which relief may be granted. However, as illustrated herein, Plaintiff has met its minimal initial burden in establishing such cause in its Complaint. Plaintiff's claims arise out Defendants' breach of its professional duty of care and negligent providing of information related to Plaintiff's scope of work on the "Victory Pool Renovations" located at 1980 N.E. 171 Street, North Miami Beach, Florida 33162 (the "Project"), pursuant to a contractual relationship between Plaintiff and the City of North Miami Beach, Florida ("City").

In fact, although Defendants title their response to the Complaint as a "Motion to Dismiss," upon review, the Motion appears more like a motion for summary judgment in that they refer and contest the factual allegations set forth in the Complaint instead of the validity of the cause of action. Defendants clearly ignore and/or fail to acknowledge that the elements alleged are sufficient under Florida law in light of Plaintiff's assertions of fact. For these bases alone, and consistent with the law set forth below, Defendants' Motion to Dismiss must be denied in all respects.

III.    **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

   A.     **Legal Standard for Evaluating a Motion to Dismiss**

As this Honorable Court is aware, a well-pled complaint must contain factual allegations which give rise to a right to relief beyond mere speculation. Watts v. Florida Intern. University, 495 F.3d 1289, 1295-96 (11th Cir. 2007); See also Fed. R. Civ. P. 8(a) ("a pleading...must contain...**a short and plain statement of the claim** showing that the pleader is entitled to relief") (emphasis added). In order to satisfy the pleading specificity standard, the United States Supreme Court has ruled that "stating such a claim requires a complaint with enough factual matter (**taken as true**) to suggest" the required element. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). **It does not require specific facts for every element of a claim**; however, there must be "either direct or inferential allegations respecting

all **material** elements of a cause of action." Snow v. DirecTv, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis added). While the rule "**does not impose a probability requirement** at the pleading stage," it "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts, 495 F. 3d at 1295-96 (citing Twombly, 550 U.S. at 556) (emphasis added). "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the 'grounds' of 'entitle[ment] to relief,' a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Clark v. Feder Semo and Bard, P.C., 634 F. Supp. 2d 99, 104 (D.C. 2009) (citing Twombly, 550 U.S. at 555-56).

When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The plaintiff must be given every reasonable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Moreover, questions of sufficiency of a complaint, in actions removed to federal district court on diversity of citizenship basis, is required to be resolved under law of forum state. McKenzie v. Fairmont Food Co., 305 F.Supp. 163 (N.D.Ohio 1969); See also Erie R. Co. v. Tomkins, 304 U.S. 64 (1938). Under Florida law, similar to the above cited Federal law, when ruling on a motion to dismiss a complaint for failure to state cause of action, the trial court must confine itself strictly to the allegations within the four corners of the complaint and the court must view the complaint in the light most favorable to the plaintiff and the allegations as true. Id. Even if a defendant may have affirmative defenses which would absolve it of all liability either in summary judgment proceedings or at trial, such defenses are not properly raised in a motion to dismiss because they would require the court to look beyond the complaint. Pizzi v. Central Bank Trust Co., 250 So. 2d 895, 897 (Fla. 1971); Wausau Ins. Co. v. Haynes, 683 So. 2d 1123, 1125 (Fla. 4th DCA 1996).

Based upon the foregoing, Defendants' Motion to Dismiss must be denied in all respects.

**B.    The Economic Loss Rule is Not Applicable to Plaintiff's Causes of Action**

Historically, Florida's economic loss rule precluded the extension of tort recovery in cases involving purely economic damages between parties without privity of contract. See Casa Clara Condominium Assoc, Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244, 1246 (Fla. 1993); AFM Corp. v. Southern Bell Tele. & Tele. Co., 515 So.2d 180 (Fla. 1987); Southland Constr., Inc. v. Richeson Corp., 642 So.2d 5, 7-8 (Fla. 5th DCA 1994). However, as a court-created doctrine, Indemnity Insurance Co. of North America v. American Aviation, Inc., 891 So.2d 532 (Fla. 2004) and Southland Constr., Inc., 642 So.2d at 7, the economic loss rule underwent significant developments over the past decade. American Aviation limited the application of the economic loss rule to two different circumstances. "The first is when the parties are in contractual privity and the one party seeks to recover damages in tort for matters **arising under the contract**." Id. at 536. (emphasis added)  The second, which does not apply to the facts of this case, is when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property. Id.

Under current Florida law, the economic loss rule does not prohibit tort recovery for parties asserting purely economic damages against a professional, despite a lack of privity of contract. Moransais v. Heathman, 744 So.2d 973, 983-84 (Fla. 1999).

In Moransais v. Heathman, the Florida Supreme Court held that "Florida recognizes a **common law** cause of action against professionals based on their acts of negligence **despite the lack of a direct contract between the professional and the aggrieved party**." 744 So.2d at 984 (emphasis added) (noting the Florida Supreme Court's "determination to limit the application and reach of the economic loss rule). In 2004, the Florida Supreme Court reaffirmed the Moransais Court's articulation of the professional negligence exception to the economic loss rule. American Aviation, 891 So.2d at 543 (Fla. 2004). In American Aviation, the Florida Supreme Court further explained:

> [I]n general, actionable conduct that frustrates economic interests should not go uncompensated solely because the harm is unaccompanied by any injury to a person or other property. We therefore hold that cases that do not fall into either of the two categories articulated above [cases involving privity of contract or products liability] should be **decided on traditional negligence principles of duty, breach, and proximate cause.**

American Aviation, Inc., 891 So.2d at 543 (emphasis added). Thus, a plaintiff such as RDC may recover purely economic damages from defendants such as WJE and DUNTEMANN, despite the absence of contractual privity, so long as RDC is capable of establishing its negligence cause of action, *i.e.*, that Defendants owed RDC a duty of care, that Defendants breached that duty of care, and that RDC was damaged by that breach. *Contra* Plourde Sand & Gravel Co. v. JGI Eastern, Inc., 917 A.2d 1250 (N.H. 2007); Association of Apartment Owners of Newton Meadows v. Venture 15, Inc., 167 P.3d 225 (Haw. 2007).

In an attempt to broaden the application of the economic loss rule, the Defendants cite to the above two cases outside the forum state in which this Honorable Court sits. As Florida law governs the underlying causes of action, neither case is controlling or has any merit to the application and effect of the economic loss rule. Even assuming, *arguendo*, that the principles of Plourde and Venture are remotely applicable, the facts of each are distinguishable from the present action. Pourde at 1255 (holding that the exceptions to the economic loss rule must be determined on a case by case basis).

In Plourde, the plaintiff was the supplier of a subcontractor for a private construction project. After the plaintiff supplied the gravel, the project engineers hired the defendant to test the gravel to determine whether it met the project specifications. As a result, the subcontractor required the plaintiff to remove and replace the gravel at its own expense even though the plaintiff subsequently discovered that the material supplied met the specifications. Consequently, the plaintiff brought suit against the engineering firm hired by the project engineer for professional negligence and negligent misrepresentation. The court dismissed the action based on the fact the information negligently supplied was only communicated to the project engineer, then communicated through several additional parties before ever reaching the plaintiff, therefore, no special relationship or foreseeability exception existed due to plaintiff's remote and incidental relationship. Here, the Defendants were hired by the City to evaluate any potential deficiencies in Plaintiff's scope of work and provide written reports which would **immediately** be provided to Plaintiff, as the sole general contractor for the Project, to act in reliance upon correcting any such deficiencies.

Moreover, unlike in Plourde and Venture, the Plaintiff's assertion of duty is not premised on the Defendants' underlying duties owed to the City pursuant to the City and Defendants' contract. The Plaintiff here is asserting two separate causes of action against each Defendant **independent from** the underlying provisions of its contract with the City and premised entirely on extensive case precedent entitling Plaintiff to such relief. American Aviation, at 538 (holding that one may assert cause of action in tort regardless of privity, if cause of action is independent of contractual duty).

After thoroughly and carefully analyzing the history of the economic loss rule in Florida, the Florida Supreme Court negated a broad application of the rule to bar economic losses, in particular, any application which would negatively impact "third parties who might be affected by the professional's negligent acts." Id. at 982. Accordingly, the economic loss rule, "in any case, should not be invoked to bar well-established causes of action in tort, such as professional malpractice" and negligent misrepresentation. Moransais, at 983 ("the [economic loss] rule was primarily intended to limit actions in the product liability context, and its application should generally be limited to those contexts or situations where the policy considerations are substantially identical to those underlying the product liability-type analysis.").

    C.    **Plaintiff Has Set Forth a Cause of Action for Professional Malpractice**

In Defendants' motion to dismiss, Defendants vehemently deny that Defendants owed RDC a duty of care. Additionally, Defendants argues that, even if Defendants owed RDC a duty of care, RDC is incapable of proving a breach of that duty or damages.

In order to state a claim for professional malpractice under Florida law, in particular, a claim for professional malpractice for one not in privity with the professional, a plaintiff must allege: (1) that the defendant owed a duty of care to plaintiff; (2) that the defendant(s) breached that duty of care; (3) defendant(s) breach was the proximate cause of injury or damage to plaintiff; and (4) plaintiff suffered damages caused by the breach. American Aviation, Inc., 891 So.2d at 543; Fla. Dep't of Corrections v. Abril, 969 So. 2d 201, 204 (Fla. 2007); John Morrell & Co. v. Royal Caribbean Cruises, Ltd., 534 F. Supp. 2d 1345, 1350 (S.D. Fla. 2008). The Complaint specifically details the foregoing elements and

asserts sufficient facts, taken as true with all reasonable inferences in plaintiff's favor, supporting such elements. See Complaint ¶¶ 19-22, 33-33. Respectfully, the Court cannot undertake a more reaching analysis of the causes of action as requested by Defendants' Motion. However, although each of Defendants' arguments are without merit under Florida law, Plaintiff will address each argument in turn.

In particular, the Defendants' attack whether a duty existed between the parties at issue giving rise to a cause of action for professional malpractice since Plaintiff failed to allege that the agreement between City and Defendants "was made for the benefit of Plaintiff or that the parties to that agreement contemplated that Plaintiff would either benefit or rely upon their actions under the agreement." See Motion, Page 8. The argument is premised, however, on a misinterpretation and misapplication of Florida law and generally overlooks Florida negligence law.

First, Paragraphs 12, incorporated into Plaintiff's counts for professional malpractice against the Defendants, specifically denotes the fact that Defendants were aware of Plaintiff and the effect in which their professional services would have on Plaintiff and Plaintiff's reliance on same. Secondly, as Defendants' Motion graciously denotes, "circumstances exist where professionals can be liable to noncontractual parties for economic damages arising from professional negligence." City of Tampa v. Thornton-Tomasetti, P.C., 646 So.2d 279, 281 (Fla. 2d DCA 1994); Moransais, *supra*; American Aviation, *supra*.

In both A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973), and Southland Const., Inc. v. Richeson Corp., 642 So.2d 5 (Fla. 5th DCA 1994), the courts of this state extended the right for noncontractual parties to seek tort liability to professional firms for economic damages. See also Moransais, *supra*; American Aviation, *supra*. In Southland, the Fifth District, interpreting A.R. Moyer, permitted tort liability against an engineer who negligently performs a professional engineering service knowing that another person will be injured if it is negligently performed regardless of the existence of a contract between the parties. Id. As specifically provided for in Plaintiff's Complaint, WJE, by and through its respective licensed engineer DUNTEMANN, performed engineering services at the Project

which would directly impact the Plaintiff RDC if such engineering services were negligently performed since the sole purpose of Defendants retention related to the direct scope of work by Plaintiff on the Project. Further, Defendants were well aware of the fact that Plaintiff constructed the Project and that any services rendered to the City would immediately be provided to Plaintiff by City and thereby act to either the benefit or detriment of Plaintiff.

Other than the bright line rule extending liability discussed above, the case law cited by Defendants are distinguishable and inapplicable under the facts and circumstances presented herein. In Downs v. Coastal Systems Intern., Inc., 972 So.2d 258 (Fla. 3d DCA 2008), the engineering firm was hired by the county to develop plans aimed at enhancement of a coastline. *Id*. at 261. Thereafter, the plaintiff was injured while diving off a pier into the ocean. The plaintiff sued the engineer under the theory that the engineer had a duty to the **general public** to warn of dangerous conditions near the coastline of Florida. The Fourth District, while recognizing there exists circumstances in which an engineer may be liable to third parties, granted ***summary final judgment*** in favor of the engineer since "[n]owhere in the record…[was] there a contractual requirement on the part of [the defendant] to **inspect the beach areas for any potentially hazardous rocks and inform anyone of such potential hazards**." *Id*. (emphasis added) Here, RDC does not allege a duty owed to the general public, but a direct duty owed to it arising out of the special relationship and circumstances before this Court. The Defendants were retained by the City to specifically evaluate, inspect and provide reports regarding Plaintiff's scope of work on the Project. The Defendants provided such engineering services knowing that any information provided to the City would directly affect Plaintiff, either negatively or positively.

Similarly, in Hawaii Motorsports Investment, Inc. v. Clayton Group Services, 2009 WL 3109941 (D.HI. Sept. 25, 2009), a seller brought suit against a buyer's environmental consultant alleging that the consultant was professionally negligent in inaccurately assessing the property at issue. In dismissing the seller's cause of action for professional negligence, the court in Hawaii stated that the seller simply stated that the duty owed to it was based on the consultant's status as a professional consultant which does not

satisfy the requirements that seller is simply not an incidental beneficiary of the services provided by consultant.

Here, Defendant's responsibilities to provide professional analysis and evaluation of the Project gave rise to a "concurrent duty not to injure foreseeable parties not beneficiaries of the contract." AFM Corp., So.2d at 181. Based upon Defendants awareness of Plaintiff's relationship to the Project as general contractor, Plaintiff was clearly a foreseeable party acting in reliance on the representations of Defendants and its representative engineers. See Complaint ¶ 12. Independent of the duty announced in A.R. Moyer, Defendants are liable to Plaintiff for its negligence to the extent that Plaintiff may establish that Defendants owed Plaintiff a duty not to harm Plaintiff.

In general negligence actions, Florida law recognizes four sources for the duty of care: (1) legislative enactments, (2) judicial interpretation of legislation, (3) judicial precedent, and (4) the facts of a particular case. Roos v. Morrison, 913 So.2d 59, 63 (Fla. 1st DCA 2005). As discussed *supra*, the rule in A.R. Moyer, Moransais, Witt, and American Aviation are examples of a judicially-created duty. To the extent that Plaintiff does not fall within the parameters of A.R. Moyer, Defendants nevertheless owed Plaintiff a duty not to injure Plaintiff's economic interests based on the facts of this case. See Roos, 913 So.2d at 63. In Florida, there is no one static professional duty applied to all professionals irrespective of the duties being performed on a construction project. Instead, Defendants duty to Plaintiff was contingent on numerous factors, including the foreseeability that Plaintiff would be affected by Defendants' performance on the Project. See AFM Corp., So.2d at 181. This conclusion is confirmed by the following explanation in Audlane Lumber & Builders Supply, Incorporated v. D.E. Britt Associates, Incorporated:

> With respect to the negligence action and [the engineering and architectural firm's] "duty," there is no magic in the generality "professional service." The phrase "professional services" encompasses a multitude of activities which may give rise to actions on numerous theories of liability. The nature of the professional's duty, the standard of care imposed, varies in different circumstances. So, too, the extent of the duty, the delimitation of the objects of the duty, varies. In every instance duty must be defined in terms of the circumstances and the theories advanced to sustain liability. In our view the extent of [the engineering and architectural firm's] duty may best be defined by reference to the foreseeability of injury consequent upon breach of that duty. The complaint alleged that [the engineering and architectural firm] knew that

>  the design and specifications it prepared would be resold to and used by various fabricators. To argue that it is absolutely free of liability for negligence to these known users or consumers of its work is to disregard the half century of development in negligence law....

168 So.2d 333, 335 (Fla. 2d DCA 1964) (emphasis in original). As discussed in Audlane Lumber & Builders Supply, Incorporated, it is clear that the standard for the provision of professional services will vary from case to case based on considerations such as the foreseeability of the harm caused by the provision of various services. See Audlane Lumber & Builders Supply, Inc., 168 So.2d at 335. Accordingly, there is no one standard that governs all negligence actions against a professional.

In Florida's general negligence jurisprudence, foreseeability is the touchstone for imposing a duty upon one entity to avoid undertaking activities that injure another. See McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla. 1992); Roos, 913 So.2d at 63, see also AFM, Corp., 515 So.2d at 181 (explaining the basis for the supervising architect's concurrent duty to protect general contractors). The question of foreseeability, as it relates to the duty element of negligence, "focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." McCain, 593 So.2d at 502. Thus, Defendants' duty extended to those contractors who reasonably fell within the foreseeable zone of risk created by Defendants' performance of its professional evaluation and rendering of engineering reports. See McCain, 593 So.2d at 502-03. Defendants were responsible for providing complete and accurate evaluations/reports of Plaintiff's direct scope of work. Moreover, it was patently foreseeable to Defendants, based on the closeness of its dealings with Plaintiff and the Project, that any deficiencies in its performance would injure Plaintiff.

As demonstrated in Plaintiff's Complaint, Plaintiff was clearly within the foreseeable zone of risk vis-a-vis Defendants' performance on the Project. The allegations contained in Plaintiff's Complaint are not limited to the **general** duty of care owed by Defendants as professionals in their industries, but due to Defendants relationship to the Project and the foreseeability of the impact in which that relationship had on the Plaintiff. Accordingly, Defendants owed Plaintiff a duty to protect Plaintiff from harm.

In addition to alleging that Plaintiff has failed to assert a duty owed by Defendants, Defendants contend that Plaintiff failed to plead a breach of duty owed by Defendants or damages suffered by

Plaintiff proximately caused by any breach. Defendants' misplaced assertions are not supported by any law on the issues or a clear reading of the Complaint. Plaintiff's Complaint, on its face, set forth the allegations necessary to state a cause of action for professional negligence. Complaint ¶ 8-22, 30-33. The fact that Defendants dispute the weight and accuracy of the statements is not material at this stage. Watts, 495 F. 3d at 1295-96 (rule "**does not impose a probability requirement** at the pleading stage," it "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element.")

### D.   Plaintiff Has Set Forth a Cause of Action for Professional Malpractice

Plaintiff's causes of action for professional negligence and negligent misrepresentation are not duplicative and are capable of being brought simultaneously and on alternative theories of law. As stated above, Plaintiff's cause of action under Counts I and III for professional negligence are premised on Florida's common law duty imposed on professionals and fundamental principles of negligence. Moransais, at 973 (noting that Florida law expressly recognizes the common law duty of a professional); Florida Statutes § 471.023 and 621.07. The theory giving rise to Plaintiff's cause of action under Counts II and IV rely on distinct and separate elements of a cause of action for negligent misrepresentation, as stated in more detail below.

Florida has adopted the Restatement (Second) of Torts § 552 as a separate exception to the economic loss rule. Moransais, at 982 (citing First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990)). In Hewett-Kier Construction, Incorporated v. Lemuel Ramos and Associates, Incorporated, the Fourth District Court of Appeal of Florida explained that the economic loss rule would not preclude a negligence action against a professional, despite a lack of contractual privity and the fact that the action sought purely economic damages, "**where a special relationship, under section 552 of the Restatement (Second) of Torts (1976), exists between the professional and the third party who is affected by the professional's negligent acts**." 775 So.2d 373, 375 (Fla. 4th DCA 2000) (emphasis added). Reviewing a motion to dismiss, the Hewett-Kier court held that allegations in a complaint that a professional prepared erroneous design documents with the knowledge that a school board would provide them to a successful

bidder, and that a successful bidder would be injured if those designs were inadequate, **were sufficient to establish a special relationship between a general contractor and the architect for § 552 purposes**. *Id*. In the instant action, Defendants furnishing of information specifically for Plaintiff's performance with actual knowledge that Plaintiff would utilize that information in its performance on the Project, in addition to Defendants' direct collaboration with Plaintiff for coordination of its evaluation during Plaintiff's performance, established a special relationship between the two parties. See Complaint ¶ 8-13, 23-29, 34-40.

> Section 552 of the Restatement (Second) of Torts provides:
>
> > (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> >
> > (2) Except as stated in subsection (3), the liability stated in subsection (1) is limited to loss suffered
> >
> > (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> >
> > (b) through reliance upon it in a transaction that he intends to influence or knows that the recipient so intends or in a substantially similar transaction.

Restatement (Second) of Torts § 552 (1976). For several reasons, § 552 applies to the instant action. First, Defendants' had actual knowledge that Plaintiff was receiving and relying on Defendants' representations. Complaint ¶ 8-13, 23-29, 34-40.  As discussed *supra*, this established a special relationship between the two parties.  Second, Defendants were acting within the course of its business as professional engineers in supplying the information. Third, the information that Defendants provided was inaccurate, untimely, incomplete, and deviated from the standard and skill required of Defendants. Complaint ¶ 8-13, 23-29, 34-40. Fourth, Plaintiff suffered a pecuniary loss by relying on the information. Complaint ¶ 29, 40. Fifth, Defendants failed to exercise reasonable care in providing and communicating that information to the City, which it was aware would ultimately be provided to Plaintiff.

In City of Tampa, the court emphasized that the relationship between the supplier of information and the recipient must indeed be special in order for the negligent provision of information to be actionable. 646 So.2d at 282. Therein, the court ruled that a "close nexus" did not exist between the parties and held that the provision of the information therein was not actionable. Id. In reaching this conclusion, the court relied on the analysis of the court in Southland Construction Incorporated v. Richeson Corporation, wherein Florida's Fifth Disctrict Court of Appeals found the supplier of information liable for negligently providing information to a recipient because it was "abundantly" foreseeable that the recipient would suffer damages if the information was incorrect. Southland Constr. Inc., 642 So.2d at 8. The court justified holding the architect liable for the negligent design, noting that "the circle of foreseeability" between the parties was close and tight. Id. at 9; See Complaint ¶ 8-13, 23-29, 34-40 (explaining Defendant's actual knowledge of Plaintiff's use of and reliance on the information Defendants provided).

In light of these cases, the importance of Defendants' reports and evaluations of Plaintiff's scope of work and Defendants' knowledge of Plaintiff's reliance and use of the information in the case *sub judice* cannot be overstated. Defendants and Plaintiff had a special relationship for § 552 purposes by virtue of the closeness of their interactions, Plaintiff's and the City's reliance on the completeness and correctness of Defendants' evaluation and reports, and Defendants' intimate understanding of the extent of Plaintiff's reliance. Indeed, Plaintiff has pled and may assert a viable cause of action for negligent misrepresentation under § 552 of the Restatement (Second) of Torts (1976) against Defendants for the negligent provision of information.

The case law relied on by Defendants in moving to dismiss Plaintiff's Complaint are factually and procedurally distinguishable from the instant one. Unlike the case law cited by Defendants', the four corners of Plaintiff's Complaint has alleged sufficiently the elements to sustain a cause of action for negligent misrepresentation.

**IV.   CONCLUSION**

Based on the foregoing, the four corners of Plaintiff's Complaint contain factual allegations which give rise to a right to relief being sought beyond mere speculation. Notwithstanding Defendant's misplaced argument, whether or not Plaintiff can **demonstrate** all elements with sufficient evidence to withstand summary judgment or prevail on the merits of its Complaint is not proper at this juncture.

WHEREFORE, the Plaintiff, RECREATIONAL DESIGN AND CONSTRUCTION, INC., by and through undersigned counsel, respectfully request this Court deny Defendants WISS, JANNEY, ELSTNER AND ASSOCIATES, INC. and JOHN F. DUNTEMANN Motion to Dismiss and Incorporated Memorandum of Law, together with such other relief as this Honorable Court may deem just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Monica Theresa Cronin, Esq.
David Palmer Hartnett, Esq.
Hinshaw & Culbertson LLP
P.O. Box 569009
9155 S Dadeland Blvd., Suite 1600
Miami, FL 33256-9009
mcronin@hinshawlaw.com
dhartnett@hinshawlaw.com

/s/ Thomas R. Shahady
Thomas R. Shahady, Esq.
Florida Bar No. 092893
tshahady@adorno.com
**ADORNO & YOSS LLP**
*Attorneys for Plaintiff*
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200 – Telephone
(954) 766-7800 – Facsimile