UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA- MIAMI DIVISION
CASE NO: 1:10-CV-21549 ASG

RECREATIONAL DESIGN &                          /
CONSTRUCTION, INC. a Florida
Corporation,

        Plaintiff,

vs.

WISS, JANNEY, ELSTNER AND
ASSOCIATES, INC., a foreign corporation;
JOHN F. DUNTEMANN, individually; B.D.
AGARWAL & ASSOCIATES, INC., a
foreign corporation, and Dr. BHAGWAN D.
AGARWAL, individually,

        Defendants.
_____

## DEFENDANTS WISS, JANNEY, AND DUNTEMANN'S REPLY IN SUPPORT OF MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants Wiss, Janney, Elstner Associates, Inc. ("Wiss, Janney") and John F. Duntemann ("Duntemann"), hereby reply to the Response to their motion to dismiss and state:

## I.     LEGAL STANDARD

A complaint challenged by a Motion to Dismiss under Rule 12(b)(6), must plead "enough facts to state a claim that is plausible on its face" and while the complaint "does not need detailed factual allegations, a plaintiff is still obligated to provide the 'grounds' for his entitlement to relief, and a 'formulaic recitation of the elements of a cause of action will not do.'" Moreover, "the Court should not assume that a plaintiff can prove facts that were not alleged [and] dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief." Linville II v. Ginn Real Estate Co., LLC, 2010 WL 1063704 at 8 (M.D. Fla. March 10, 2010). Plaintiff has failed to meet even those minimal requirements in this case. First, its claims of duty and reliance are not plausible, second, Plaintiff

has merely alleged the elements of its causes of action, but has not (and cannot) allege the "grounds" for its entitlement to relief; third, Plaintiff has not actually alleged facts which it relies on to support its Response to the Motion to Dismiss; and, finally, the absence of either a duty on the part of Wiss, Janney and Duntemann or of any reliance on the part of Plaintiff is dispositive of each of Plaintiff's claims.

## II.     FACTUAL MISSTATEMENTS

In its Response, Plaintiff makes a number of misstatements which blur the actual issues before this Court.  Because this matter involves allegations of duty and reliance, it is important to focus on the actual allegations of the Complaint and not the new characterization of the facts set forth in the Response.  There are several instances in which Plaintiff attempts to massage the facts in a failed attempt to make them more neatly relate to the claims alleged.  Specifically, when Plaintiff attempts to distinguish the factually identical case of Plourde Sand & Gravel Co. v. JGI Eastern, Inc., 917 A.2d 1250 (N.H. 2007) Plaintiff states:

> Here, the Defendants were hired by the City to evaluate any potential deficiencies in Plaintiff's scope of work **and provide written reports which would immediately be provided to Plaintiff, as sole general contractor for the Project, to act in reliance upon in correcting any deficiencies.** (emphasis added)

Response at 4.  By contrast, what Plaintiff actually alleged in the Complaint was:

> 10.     **After completion of the Project**, certain minor surface blemishes and imperfections were noted by the City.  To further evaluate the above minor deficiencies, the City hired two independent engineering firms, [Wiss, Janney] and BDA.[1] (emphasis added)

> 11.     After inspecting and evaluating the Water Slide on the Project, both [Wiss, Janney] and BDA, by and through their respective licensed engineers, Duntemann and Agarwal, provided evaluations whereby [Wiss, Janney][] and BDA [] collectively determined the Water Slide to be structurally unsafe and advised the

---

[1] "BDA" refers to defendants B.D. Agarwal & Associates, Ltd. and Bhagwan D. Agarwal, neither of which has been served as of this date.

City to immediately cease operations and replace the alleged defective Water Slide.

12.     At the time of providing the above professional services, both [Wiss, Janney] and BDA were aware that [Plaintiff] was the contractor which installed the alleged defective Water Slide and that any proposed advi[c]e contained therein could/would act to the detriment of [Plaintiff] and or similarly situated third parties.

\* \* \*

15.     Notwithstanding the subsequent reports [provided by Plaintiff] specifically refuting the finding of [Wiss, Janney] and BDA, the City required that [Plaintiff] build and re-install a new water slide at the Project due to its 'public' disclosure of [Wiss, Janney] and BDA's findings and evaluations.

\* \* \*

27.     At the time of providing such false and/or materially inaccurate statements, [Wiss, Janney] **knew the City would rely on such statements** and supply same to [Plaintiff]. (emphasis added)

28.     In performing such professional engineering services, [Wiss, Janney] knew that the information provided **would influence the City and have an impact on [Plaintiff]**. (emphasis added)

The Response reiterates its incorrect statement of the facts on page 7 where Plaintiff states that "[P]aragraph 12 …specifically denotes the fact that Defendants were aware of Plaintiff and the effect which their professional services would have on Plaintiff **and Plaintiff's reliance on same**" (emphasis added).  Plainly, paragraph 12 states no such thing, nor could it, because as set forth in paragraph 27, what Wiss, Janney and Duntemann actually knew was that "**the City would rely on such statements** and supply same to [Plaintiff]."

As is apparent from the Complaint, Plaintiff had a contract with the City of North Miami (the "City").  After Plaintiff's contract was entered into, in an entirely separate contract, one of the City's other contractors retained Wiss, Janney to assist it in evaluating Plaintiff's completed work product.[2]  It is a bald misstatement of the actual events to state or imply that Wiss, Janney

---

[2] Wiss, Janney's subcontract with Hazen and Sawyer, P.C. has been filed with the Court pursuant to Wiss, Janney's Notice of Filing dated July 19, 2010.

14481681v1  911553  10902

and Duntemann's report to the City was in anyway intended to benefit Plaintiff or in any way intended to be relied upon by Plaintiff as Plaintiff had already completed its work.  Moreover, as is alleged in paragraph 14 of the Complaint,[3] not only did Plaintiff not rely on Wiss, Janney and Duntemann's report, it disagreed with it and attempted to refute it.

Plaintiff continues its mischaracterization of the facts on page 12 of the Response where it states: "Defendants['] furnishing of information **specifically for Plaintiff's performance with actual knowledge that Plaintiff would utilize that information in its performance on the Project, in addition to Defendants' direct collaboration with Plaintiff** for coordination of its evaluation **during Plaintiff's performance** established a special relationship between the two parties."  Those statements are untrue because, as alleged in the paragraph 10 of the Complaint, Wiss, Janney and Duntemann were not even retained until <u>after</u> Plaintiff completed its performance.  Moreover, even if Plaintiff had set forth in the Complaint allegations relating to its cooperation during the evaluation process – which it did not – that cooperation would not give rise to a "special relationship" because in performing its duties to the City, Wiss, Janney was in fact in an adversary role to Plaintiff and could not have entered into any such relationship with Plaintiff.  See, <u>Capital Bank v. MVB, Inc.</u>, 644 So.2d 515, 518 (Fla. 3d DCA 1994)(In an arms length transaction, there is no duty on either party to act for the benefit or protection of the other party); <u>Baker v. United Services Automobile Assoc.</u>, 661 So.2d 128, 131 (Fla. 3d DCA 1995)("Participants in a normal business transaction are not entitled to rely upon such 'ephemeral matters' as opinions, judgments, or legal views expressed by an opposing party")

---

[3] "14.   Thereafter, [Plaintiff] provided several reports from independent engineering firms with extensive experience which refuted the test and findings of [Wiss, Janney] and BDA…"

14481681v1  911553  10902

Notwithstanding the multiple factual misstatements in the Response, Wiss, Janney and Duntemann are entitled to dismissal of the Complaint because Plaintiff has not and cannot allege facts sufficient to support the elements of its claims.

### III.     Professional Negligence – No Duty Existed Under the Facts

Both Wiss, Janney and Plaintiff agree that the elements of a claim for professional malpractice are: (1) duty (2) breach (3) causation, and (4) injury.  See, Response page 6 and Motion page 8.  Wiss, Janney and Duntemann deny that Plaintiff has or can allege the element of duty owed to Plaintiff on the part of Wiss, Janney or Duntemann.  In opposition to that contention, Plaintiff cites to paragraph 12 of the Complaint (which alleges nothing more than that these Defendants were aware of Plaintiff's existence) and cases which have allowed non-contractual parties to make claims of professional negligence under very limited circumstances. Neither is sufficient to establish a duty on the part of Wiss, Janney or Duntemann.

In considering the existence of any duty owed by Wiss, Janney or Duntemann to Plaintiff, it must be recalled that this case does not involve a situation in which an engineer designed a project which later failed and caused harm to the user of the design.  See, i.e. Audlane Lumber & Builders Supply, Inc. v. D.E. Britt Assoc. Inc., 168 So.2d 333, 335 (Fla. 2d DCA 1964) relied upon by Plaintiff.  Instead, **after completion of Plaintiff's work** – which neither defendant designed or was involved in any way -- Wiss, Janney and Duntemann were retained by one of the City's other contractors, under an entirely separate contract, to evaluate Plaintiff's work for the benefit of the City.  As stated above, in an arms length transaction, there is no duty on either party to act for the benefit or protection of the other party.  Thus, in evaluating Plaintiff's work, it is clear that the City had no duty to protect or act for the benefit of plaintiff and it would

therefore be illogical and inconsistent with controlling law to impose such a duty on Wiss, Janney and Duntemann who were the City's agents for purposes of that evaluation.

Moreover, in its response, Plaintiff relies on an alleged "special relationship" between the parties as the source of any duty owed to it.  Specifically, Plaintiff claims that "Defendants were well aware of the fact that Plaintiff constructed the Project and that any services rendered to the City would immediately be provided to Plaintiff by City and thereby act to either the benefit or detriment of Plaintiff" and "The Defendants provided such engineering services knowing that any information provided to the City would directly affect Plaintiff, either negatively or positively." Response at 8.[4]

Not only do those speculative contentions fail to meet the Twombly standard, they are facially insufficient to support a claim of duty because existing case law makes clear that mere knowledge of Plaintiff's existence is not enough to impose any duty upon Wiss, Janney or Duntemann. "Duty, [] is not limitless.  To impose a duty, it is not enough that a risk merely exists or that a particular risk is foreseeable; rather, the defendant's conduct must *create* or *control* the risk before liability may be imposed."  Demelus v. King Motor Co. of Ft. Lauderdale, 24 So.3d 759, 761 (Fla. 4th DCA 2009); Levine v. Wyeth, Inc., 684 F. Supp. 1338, 1344 (M.D. Fla. 2010)("[A] 'legal duty is not established by evidence of foreseeability alone.  There must also be allegations that the defendant's conduct created or controlled the risk"); McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla. 1992)(relied on by Plaintiff, stating: "Rather, each defendant

---

[4] Plaintiff also relies on Roos v. Morrison, 913 So.2d 59, 63 (Fla. 1st DCA 2005) in support of its contention that "Defendants nevertheless owed Plaintiff a duty not to injure Plaintiff's economic interests based on the facts of this case." Response at 9.  Roos involved a claim of personal injury arising from a motorcycle's collision with an SUV and plainly has not application to the facts here.

14481681v1  911553  10902

**who creates a risk** is required to exercise prudent foresight whenever others may be injured as a result)(emphasis added).

Nothing in the Complaint – or the revised facts in the Response – would in any way support a finding that Wiss, Janney or Duntemann created or controlled the potential risk to plaintiff. Rather, it is readily apparent that the City, and only the City, controlled whether Plaintiff was required to replace the Water Slide – i.e. the City could well have accepted the alternative reports provided by Plaintiff and rejected Wiss, Janney's report. The fact that it did not do so can in no way be construed as evidence that Wiss, Janney had any control over either the City or Plaintiff.

This Court may take notice of the terms of both Plaintiff's and Wiss, Janney's contracts because the Eleventh Circuit has held that "where the plaintiff refers to certain documents in the complaint and those documents are central to plaintiff's claim, then the Court may consider the document part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion will not require conversion of the motion into a motion for summary judgment." Brooks v. Blue Cross & Blue Shield, of Fla. Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).[5] The terms of those contracts are important because they actually control the existence of any duty by the parties thereto. See Downs v. Coastal Systems, International, Inc., 972 So.2d 258, 261 (Fla. 3d DCA 2008)("Nowhere in the record before us is there a contractual requirement on the part of Costal Systems to inspect the beach areas for any potentially hazardous rocks and inform anyone of such potential hazards. … In light of the scope of the responsibilities DERM charged Costal Systems, Costal Systems could not have foreseen all of

---

[5] Wiss, Janney's contract has been separately filed pursuant to Wiss, Janney's Notice of Filing of Contracts dated July 19, 2010. Plaintiff's contract is attached to the Complaint.

the potential hazards posed for swimmers."); <u>City of Tampa v. Thorton-Tomasetti, P.C.</u>, 646 So.2d 279, 282 (Fla. 2d DCA 1994)(" Unless a contract is entered into for the direct and substantial benefit of a third party, it binds and benefits only the parties themselves. **The intention of the contracting parties, gleaned from the contract itself, is determinative**.")(internal citation omitted).  Plaintiff may not expand the terms of Wiss, Janney's contract by the simple expedient of alleging the existence of a duty if none exists in the contract.[6]

Moreover, as stated by the Court in <u>Monroe v. Sarasota County School Bd.</u>, 746 So.2d 530, 539 (Fla. 2d DCA 1999):

> The expanded liability in negligence for professionals evolved from the contract between the professional and the client.  The mere existence of a professional does not create a cause of action in negligence to protect some unlimited class of plaintiffs.   The relationship that supports a quasi-contractual professional negligence theory is a relationship of privity or perhaps that of a third party beneficiary.

The cases relied on by Plaintiff, <u>A.R. Moyer, Inc. v. Graham</u>, 285 So.2d 397 (Fla. 1973)[7] and <u>Southland Construction, Inc. v. Richeson Corp.</u>, 642 So.2d 5 (Fla. 5th DCA 1994)[8] do not compel a different conclusion because they do not address situations which are remotely similar to those here and they cannot be read to impose liability simply because the professionals

---

[6] Compare, <u>Parsippany Const. Co., Inc. v. Clark Patterson Assoc., P.C.</u>, 839 N.Y.S.2d 179 (N.Y. Sup. Ct. 2d Div. 2007)("[P]laintiff's allegation that the defendant owed it a duty of care was flatly contradicted by the plaintiff's contract with the non-party school district which had hired both the plaintiff and the defendant, which expressly provided that no contractual relationship arose between the parties by virtue of that contract.")

[7] In <u>Moyer</u>, the court addressed a question of professional liability of an architect to a general contractor under factual assumptions that "the supervising architect or engineer was negligent in the preparation and presentation of plans, designs and specifications; this negligence was the proximate cause of damages sustained by the general contractor; [and] there was no direct privity of contract between the supervision architect or engineer and the general contractor."

[8] In <u>Southland</u> the plaintiff sued an engineer it had hired for faulty design of a retaining wall which cracked and bulged and had to be reinforced to prevent collapse.  <u>Id</u> at 7.  The Court there also stated: "The tort liability of professionals appears to vary according to the type of professional involved and the court's public policy decisions as to who should be 'foreseeable plaintiffs.'" <u>Id</u> at 8-9

14481681v1 911553 10902

involved in those cases were engineers.   Rather, as described by the court in <u>Biakanja v. Irving</u>, 320 P.2d 16, 19 (Cal. 1958), a case relied upon in <u>Moyer</u>:

> The determination whether in a specific case the defendant will be liable to a third person not in privity is a matter of policy and involves the balance of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection  between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct and the policy of preventing future harm.

<u>Moyer</u> at 401.

It is thus clear under the facts of this case that neither Wiss, Janney or Duntemann owed any professional duty to Plaintiff and Plaintiff's attempts to mischaracterize the actual facts in order to support such a claim should be disregarded and its claims for professional negligence dismissed.

### III.    Negligent Misrepresentation

In its Response in addressing its claims for negligent misrepresentation, Plaintiff misleadingly implies that it has alleged sufficient facts to support the critical element of reliance because it has indicated that City required Plaintiff to correct the deficiencies indicated by Wiss, Janney and Duntemann.   Plaintiff attempts to contend that such requirement is somehow evidence that Plaintiff "relied" on Wiss, Janney's report.  Contrary to Plaintiff's contention, such instruction from the City cannot honestly be viewed as any sort of reliance by Plaintiff.  Indeed, the imposition of a duty is the antithesis of reliance and simple manipulation of terminology is not sufficient to allege the elements necessary to establish a claim for negligent misrepresentation.  See, <u>Herons Cove Enterprises, LLC v. Epic Consulting, Inc.</u>, 2008 WL 2915066 (M.D. Fla. July 25, 2008)(failure to allege plausible *facts* regarding reliance justified dismissal of claim).  Because Plaintiff cannot actually allege the element of reliance, its claim

14481681v1 911553 10902

must be dismissed.  State Farm Mut. Auto. Ins. Co. v. Movotny, 657 So.2d 1210, 1213 (Fla. 5th DCA 1995)("Where detrimental reliance is missing, the claim cannot be sustained.");  Gilchrist Timber, supra at 337 ("Under [Restatement 552] a misrepresenter is liable only if the recipient of the information justifiably relied on the erroneous information")

What is more, Federal Rule of Civil Procedure 9(b), "applies to claims for negligent misrepresentation under Florida law because negligent misrepresentation 'sounds in fraud'" Linville, supra, 2010 WL 1063704 at 8, citing, Johnson v. Amerus Life Ins. Co., 2006 WL 3826774 (S.D. Fla. Dec.27, 2006).  In order to satisfy Rule 9(b) a complaint must set forth:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made, and
> (2) The time and place of each such statement and the person responsible for making (or in the case of omissions, not making) the same, and
> (3) The content of such statements and the manner in which they misled the plaintiff, and
> (4) What the defendant obtained as a consequence of the fraud.

Id. at 9, quoting Brooks v. Blue Cross & Blue Shield of Fla. Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)(emphasis added).  Plaintiff has not come close to meeting those pleading requirements in its claims for negligent misrepresentation.

In addition to the foregoing, Plaintiff simply cannot plausibly allege any reliance upon Wiss, Janney and Duntemann's report under the real circumstances set forth in the complaint because "[l]iability for negligent misrepresentation is limited in the context of commercial transactions such that the supplier of information is only liable **if he manifests an intent to deceive**." Linville. 2010 WL at 9, citing Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 339 (Fla. 1997) See also, Baker M.D. v. United Services Automobile Assoc., 661 So.2d 128, 131 (Fla. 1st DCA 1995)("Statements of opinion are not actionable unless the party making the representation does so with an intent to prevent the party relying thereon from making an

14481681v1 911553 10902

independent investigation of the facts); Florida Pattern Jury Instruction 409.9 ("... Third, whether claimant was a person for whose benefit and guidance defendant intended to supply the false information for use in claimant's business transaction; ...Fifth, whether claimant justifiably relied on the false information.")

Rather than alleging its own reliance on the Wiss, Janney report, Plaintiff is actually alleging that the City relied upon Wiss, Janney's report and that the City's reliance had an impact upon Plaintiff.  That is not a sufficient basis upon which to impose liability upon Wiss, Janney for Plaintiff's disappointed expectations.  In order to impose such liability, Plaintiff would need to allege that the Wiss, Janney contract with the City's other contractor manifested an intent that Plaintiff rely upon the Wiss, Janney report and that Plaintiff in fact did so.  Because the facts alleged by Plaintiff show that neither that such intent existed nor that such reliance occurred, Plaintiff's claims for negligent misrepresentation should be dismissed.[9]

Plaintiff also fails to satisfactorily plead that Wiss, Janney and Duntemann **knew** that Plaintiff would rely on the Wiss, Janney report.  Instead, Plaintiff wanly alleges that "it was patently foreseeable to Defendants, based on the closeness of its dealings with Plaintiff and the

_____

[9] Other courts have reached similar conclusions.  See In Plourde Sand & Gravel Co. v. JGI Eastern, Inc., 917 A.2d 1250, 1258 (N.H. 2007)("[T]his case does not give rise to a claim for negligent misrepresentation.  The defendant's only communication regarding the quality of the gravel was to [the engineers]. ... While [the engineers] may have relied upon the report made by the defendant, the plaintiff does not claim, nor can it, that it relied upon the report.  Because there was no reliance by the plaintiff, the plaintiff cannot maintain a claim for negligent misrepresentation.  See, Restatement (Second) of Torts §552. [citation omitted].We will not expand the elements of negligent misrepresentation to include a scenario where reliance by anyone directly or indirectly involved may be imputed to the plaintiff so as to permit the plaintiff to maintain a cause of action."); Hawaii Motorsports Investment, Inc. v. Clayton Group Services, 2009 WL 3109941 (D. HI. Sept. 25, 2009)("While [the seller] alleges that the sale of property to [the buyer] would benefit [the seller], [the seller] does not allege that the report prepared by [the engineer], or information supplied in the report was intended to benefit [the seller]. ... The court does not read these allegations as stating that [the seller] was the person for whose benefit [the engineer] supplied the information. ... [The seller's] purported reliance was in the form of accepting [the buyer's] reliance.  The allegations do not clearly suggest that [the engineer] knew that [the buyer] would transmit the report to [the seller] or that [the seller] was an intended beneficiary.) Long Motor Corp. v. M&P Utility Resources, Inc., 214 P.3d 707 (Kan. 2009)(Restatement 552 "Is applicable only to those persons for whose guidance the allegedly negligent information was provided ...

Project, that any deficiencies in its performance would injure Plaintiff." Response at 10.  Even in First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla.1990) the court rejected mere foreseeability as sufficient to state a claim for negligent misrepresentation.  As the court there stated:

> [Restatement 552] recognizes that liability should extend not only to those with whom the accountant is in privity or near privity, but also to those persons, or classes of persons, whom he knows and intends will rely on his opinion, or whom he knows his client intends will so rely. On the other hand, **as the commentary makes clear, it prevents extension of liability in situations where the accountant "merely knows of the ever-present possibility of repetition to anyone, and the possibility of action in reliance upon** [the audited financial statements], on the part of anyone to whom it may be repeated." Restatement (Second) of Torts § 552, Comment h.

Id. at 15-16 (emphasis added).

As the above demonstrates, Plaintiff will be unable to allege or prove that either the City or Wiss, Janney intended Plaintiff to rely on the report prepared by Wiss, Janney for benefit of the City.  Plaintiff will also be unable to actually prove that it acted in reliance on that report because its own allegations show that it disagreed with the report, solicited its own contrary reports and only replaced the water slide when compelled to do so by the City.  Consequently, its claim for negligent misrepresentation must be dismissed.

## IV. APPLICATION OF THE ECONOMIC LOSS RULE

Although Wiss, Janney and Duntemann believe the foregoing sufficiently establishes their entitlement to a dismissal of the Complaint, and although they incorporate herein the economic loss rule arguments set forth in the Motion to Dismiss, Plaintiff's contention that Indemnity Insurance Co. v. American Aviation Inc., 891 So.2d 532 (Fla. 2004) absolutely precludes the application of the economic loss rule to the facts here cannot go unanswered.

_____

The Comments to §552 show that negligent misrepresentation applies to suppliers of commercial information in

As was cogently stated in <u>Curd v. Mosaic Feterilizer, LLC</u>, 993 So.2d 1078, 1080 (Fla. 2d DCA 2008), "[W]e do not read that opinion as entirely overriding the general principle that recovery in negligence is not usually permitted for purely economic loss unconnected to injury to persons or property. … In <u>American Aviation</u>, Justice Pariente's opinion for the court recognized that its holding, which narrowed the scope of the economic loss rule, was not intended to alter the application of 'traditional negligence principles of duty, breach, and proximate cause' to cases that do not involve either a contractual relationship or defective products.  In his concurrence, Justice Cantero also emphasized that the narrowing of the scope of the economic loss rule was not intended to diminish the use of 'the duty element' as a 'strong filter virtually as strong as the rule itself' in cases that fell outside the economic loss rule."

The economic loss rule thus continues to have application to the facts here because Plaintiff is attempting to evade the contractual remedies it bound itself to in its contract with the City and is attempting to impose liability upon Wiss, Janney which exceeds the limits which exist in Wiss, Janney's contract with the City's contractor.

## V.    CONCLUSION

Wiss, Janney and Duntemann are entitled to dismissal of the Complaint herein because Plaintiff has not and cannot establish that either defendant owed it any duty; Plaintiff cannot show that it relied upon any action or report of defendants; and Plaintiff's claims are barred by the public policies which undergird the economic loss rule.

WHEREFORE, Defendants, WISS, JANNEY, ELSTNER ASSOCIATES, INC. and JOHN F. DUNTEMANN  respectfully request that the claims against them be dismissed for failure to state a claim.

---

favor or *users* of such information.:

14481681v1  911553  10902

*David P. Hartnett*
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
Monica T. Cronin
Florida Bar No. 0599883
mcronin@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard- Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063

## certificate of service

I HEREBY CERTIFY that on July 19, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day, in the manner specified below, on all counsel of record identified on the attached Service List.

*David P. Hartnett*
David P. Hartnett

Thomas R. Shahady, Esquire,
Adorno & Yoss, LLP,
350 East Los Olas Blvd, Suite 1700,
Ft. Lauderdale, FL 33301
Attorneys for Plaintiff
Email: tshahady@adorno.com
Tel: 954-763-1200
Fax: 954-766-7800

14481681v1  911553  10902